# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ERIC CHASE TORRENS,<br><br>Defendant. | Case No. 1:21-cr-204-BAH-2 |

## APPLICATION FOR ACCESS TO VIDEO EXHIBITS

Pursuant to Local Criminal Rule 57.6 and Standing Order No. 21-28 (BAH), applicants Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Buzzfeed, Inc. d/b/a BuzzFeed News, CBS Broadcasting Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, Pro Publica, Inc., Tegna, Inc., and WP Company LLC, d/b/a The Washington Post (together, the "Press Coalition") respectfully seek access, under the First Amendment and common law, to certain video recordings that have been submitted to the Court in this matter. In support of this application the Press Coalition states as follows:

1. On May 14, 2021, in response to a motion filed by the Press Coalition, Your Honor issued Standing Order No. 21-28 (the "Standing Order"). The Standing Order recognizes "[t]he significant public and media interest in the numerous criminal cases arising from the January 6, 2021 violent breach of the United States Capitol (the 'Capitol Cases'), for which the parties are routinely submitting video exhibits to the Court for use in pretrial proceedings." *See* Standing Order at 2.

2. To accommodate this interest, the Standing Order provides that "[m]embers of the media seeking access to video exhibits submitted to the Court in Capitol Cases may file an application . . . to the presiding judge in the case, or if no judge has been assigned, to the Chief Judge, for determination, and the judge may seek the position of the parties." *See id.* at 5.

3. The Standing Order further provides that "[u]pon grant of such media application, the government shall make the video exhibit[s] available to any member of the media with necessary access credentials provided by the government, unless the order otherwise limits access." *See id.* at 5-6. Specifically, the Standing Order states that "[m]embers of the media provided access to video exhibits in a particular case pursuant to such order may view those exhibits" by way of an electronic "'drop box'" into which the Government has agreed to place videos subject to access orders in the Capitol Cases. *See id.* at 6.

4. This action is one of the Capitol Cases. *See* Indictment, Dkt. 23 (charging Defendant Eric Chase Torrens with, *inter alia*, "disorderly and disruptive conduct in any of the Capitol Buildings with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress and either House of Congress").

5. On July 29, 2021, the Court scheduled a Plea Agreement Hearing for August 19, 2021. On August 15, 2021, the Court in a Minute Order directed the Government "to submit to the Court a report on the length and source(s) of the video evidence described in the Statement of Offense ('SOF'), which SOF provides the factual basis for the plea and was submitted by the government to the Court," and to "make such video evidence available for the Court's review." Minute Order of Aug. 15, 2021. The Court further directed the parties "to provide their positions . . . whether this video evidence may be made publicly available without restriction." *Id.*

6. The Government has complied with the Court's Minute Order and has submitted to the Court the video evidence described in the SOF (the "Video Exhibits"). *See* United States' Report and Position Regarding Public Release of Video Evidence Re: Eric Chase Torrens Plea, Dkt. 67.

7. The Government and Defendant both objected to public access. The Government objected to release of five of the nine Video Exhibits (identified as videos 4, 6, 7, 8, and 9), which are from Capitol CCTV cameras. *Id.* at 3. Defendant objected to release of all the Video Exhibits. Def.'s Position on Public Dissemination of Video Discovery Material at 1, Dkt. 68.

8. In response to the Government's objections, the Court directed the Government to provide "a more fulsome explanation for why videos 4, 6, 7, 8, and 9 cannot be publicly released given (1) that they have been disclosed to the Court as part of a predicate for defendant's plea agreement; (2) that the parties' designation of the exhibits as 'highly sensitive' does not, standing alone, warrant nondisclosure; and (3) that CCTV footage from the Capitol Building submitted to the Court has been made publicly available in other cases." Minute Order of Aug. 16, 2021 (citations omitted).

9. In response to Defendant's objections, the Court directed Defendant to provide "a more fulsome explanation for his opposition to the release of videos submitted to the Court in connection with defendant's plea hearing," particularly "(1) the basis for his implicit argument that videos submitted to the Court may not be ordered released by the Court without request for release by the parties or some member of the public, and (2) the basis for defendant's objection to the release of the videos, given that the risk of 'annoyance and criticism' is generally insufficient to rebut the presumption of public access to judicial proceedings." Minute Order of Aug. 16, 2021 (citations omitted).

10. While the Government has argued that the Court need not consider the Video Exhibits at the plea hearing, *see* United States' Explanation of its Position as to Release of Video Evidence re Eric Chase Torrens Plea at 1, 5-6, Dkt. 70, the Video Exhibits were submitted to the Court, as the Court ordered, to facilitate the Court's consideration of the proposed plea agreement. The Video Exhibits thus "affect [the] court's decisionmaking process **even if the court's opinion never quotes or cites [them].**" *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 667 (D.C. Cir. 2017) (Garland, J.) (emphasis added). As a result, they are judicial records subject to a "strong presumption in favor of public access." *Leopold v. United States*, 964 F.3d 1121, 1127-28 (D.C. Cir. 2020) (Garland, J.).

11. Neither the Government's objections nor the Defendant's objections have rebutted this strong presumption of access, either under the First Amendment test set out in *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984), or under the common law test set out in *United States v. Hubbard*, 650 F.2d 293, 317-21 (D.C. Cir. 1980). *See, e.g.*, *United States v. Jackson*, 2021 U.S. Dist. LEXIS 49841 (D.D.C. Mar. 17, 2021) (Howell, C.J.) (granting access to video exhibits in one of the Capitol Cases).

12. Because the Video Exhibits are judicial records subject to an unrebutted presumption of public access, the Court should grant this Application and direct the Government to release the Video Exhibits to the Press Coalition via electronic "drop box" within 72 hours. To expedite that release, the Court should further instruct the Government to provide undersigned counsel with the "necessary access credentials" referenced in the Standing Order.

13. The Standing Order provides that "[n]o recording, copying, downloading, retransmitting or further broadcasting of video exhibits in a particular case is permitted, unless such permission is granted by the presiding judge." *See* Standing Order at 6. The Press

Coalition therefore requests that the Court grant permission to record, copy, download, retransmit, and otherwise further publish these Video Exhibits.[1]

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court order the Government to release the Video Exhibits, without restriction, within 72 hours.

Dated:  August 18, 2021

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*

---

[1] The Press Coalition makes this request without conceding that the Standing Order complies with the First Amendment or common law, and expressly reserving the right to challenge this and other portions of the Standing Order in this and other Capitol Cases.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2021, I caused true and correct copies of the foregoing to be served via electronic mail and U.S. Mail on the following:

Edward John Ungvarsky
UNGVARSKY LAW, PLLC
114 North Alfred Street
Alexandria, VA 22314
ed@ungvarskylaw.com

*Counsel for Defendant*

Jamie Carter
Assistant U.S. Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street, NW
Ste 3640
Washington, DC 20530
jamie.carter@usdoj.gov

Mitra Jafary-Hariri
Assistant U.S. Attorney, Detailee
211 W. Fort Street
Suite 2001
Detroit, MI 48226
mitra.jafary-hariri@usdoj.gov

*Counsel for the United States of America*

        /s/ *Charles D. Tobin*
        Charles D. Tobin (#455593)