UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 1:21-CR-204-BAH |
| ERIC CHASE TORRENS | : | |

**DEFENDANT'S RESPONSE TO PART I OF GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM FILED IN CASE OF CO-DEFENDANT JACK JESSIE GRIFFITH, 1:21-CR-204-004**

Earlier today, the government filed a supplemental sentencing memorandum in response to the Court's October 21, 2021 NEF. That NEF referenced Mr. Torrens response to the government's sentencing memorandum in his case. Because the issues addressed in the NEF and in the government's supplemental sentencing memorandum in *Griffith* affect Mr. Torrens' sentencing hearing, Mr. Torrens files this response to Part I of the Government's memo.[1]

---

[1] Counsel for Mr. Torrens does not respond, at this time, to Part II of the government's supplemental memorandum, at pages 3-12, except to make two observations. First, the government itself acknowledges that its "summary of offense conduct" is limited and incomplete, because it does not include the additional factual information provided to judges in the government's sentencing memos. For example, a quick glance at ECF for Brittany Dillon shows that she engaged in obstruction of justice by deleting electronic messages. Yet the government requested home detention for her. The avoidance of unwarranted sentencing disparities is based upon the *full recitation of conduct* given to the sentencing judges, not the truncated versions contained in the government's supplemental memorandum. Second, Mr. Torrens' prior response addressed all the cases in which courts have already sentenced defendants to non-carceral sentences. Mr. Torrens will address the government's recommendations in cases pending sentencing prior to his own sentencing hearing.

1

**A Sentence Imposed for a Violation of 40 U.S.C. § 5104(e)(2)(G) May <u>NOT</u> Include Both Incarceration and Probation.**

    A. <u>The Code Forbids Joint Sentences of Probation and Incarceration for the Same Offense</u>

The government is incorrect that the federal code permits the Court to sentence a defendant convicted under the Code provision as are Mr. Griffith and Mr. Torrens to both incarceration and probation. The government cites one case for its position, *United States v. Posley*, 351 Fed. Appx. 801, 809 (4th Cir. 2009) (per curium) (unpublished), which misreads 18 U.S.C. § 3563(a)(3) and ignores 18 U.S.C. § 3551.[2] A correct reading of the relevant statutes and the legislative history make it clear that a district court has a dichotomous choice: it can either sentence the defendant to imprisonment up to six months, <u>or</u> it can sentence the defendant to probation for up to five years. They are alternate, mutually exclusive sentencing options. This rule is no different because the defendant is being sentenced for a single petty offense.[3]

Neither the government nor the court in *Posley* cited 18 U.S.C. § 3551. But that statute, entitled "Authorized Sentences" – is where this Court's analysis must start. The statute provides:

> (b) INDIVIDUALS.—An individual found guilty of an offense shall be sentenced, in accordance with the provisions of section 3553, to—
>
>     (1) a term of probation as authorized by subchapter B;
>     (2) a fine as authorized by subchapter C; ***or***
>     (3) a term of imprisonment as authorized by subchapter D.

---

[2] The slip opinion makes clear, "Unpublished opinions are not binding precedent in this circuit." *Id.* at 807. Of course, the unpublished decision is also not binding precedent on this Court. The decision has never been cited by any court, according to a Lexis citing history search. Indeed, as the subsequent analysis shows, its analysis, issued on the papers without the benefit of oral argument, *id.* at 809, is inaccurate and not remotely persuasive.

[3] Petty offenses are defined in 18 U.S.C. § 19 as "class B misdemeanor, class C misdemeanor, or an infraction." The classes of misdemeanors and infractions are defined in 18 U.S.C. § 3559(a). A district court cannot impose a term of supervised release for a petty offense. 18 U.S.C. § 3583(b)(3).

> A sentence to pay a fine may be imposed in addition to any other sentence. A sanction authorized by section 3554, 3555, or 3556 may be imposed in addition to the sentence required by this subsection.

18 U.S.C. § 3551(b) (emphasis added).

The statute sets out three different types of punishment: a term of probation, a fine, and a term of imprisonment. The fact that "a sentence to pay a fine may be imposed in addition to any other sentence" underscores the fact that the other two types of sentences – probation *or* imprisonment – are mutually exclusive – it is either/or.

Prior to Congress' enacting this statute, federal judges had the ability to order "split sentences" by combining incarceration and probation. In the past, courts could "impose[] a sentence of a few months in prison followed by probation." *United States v. Mize*, No. 97–40059–01–RDR, 1998 WL 160862, *1 (D. Kan. Mar. 18, 1998) (quoting Senate Report 225, 984 U.S. CODE CONG. & ADMIN.NEWS 3281 (1984)). In passing § 3551(b), Congress did away with that option. For those offenses that permit it – not this Class B misdemeanor, *see* 18 U.S.C. § 3583(b)(3) – the combination of a term of incarceration followed by supervision is accomplished by supervised release. *See, e.g.*, U.S.S.G. § 5B.1.1, Background.

"[T]he statute provides a choice among three alternative punishments." *United States v. Martin*, 363 F.3d 25, 35 (1st Cir. 2004). "If a court chooses to impose probation, it does so pursuant to the terms of § 3561. That section prohibits imposition of probation when 'the defendant is sentenced *at the same time* to a term of imprisonment' (emphasis added), further emphasizing the alternative nature of incarceration and probation in any one sentencing decision. Thus, both § 3551(b) and § 3561 require a district court to choose between probation and imprisonment when imposing its original sentence." *Id.* (footnotes omitted)

The law is clear that "imposition of both probation and straight imprisonment" in the same sentencing hearing is forbidden and improper. *United States v. Forbes*, 172 F.3d 675, 6765 (9th Cir. 1999). Consequently, it is "plain error" for a court to impose both a term of incarceration and a period of probation – whether one following the other, or with the service of a custodial term as a condition of probation. *United States v. Medenbach*, 729 Fed. Appx. 606, 607 (9th Cir 2018) (unpublished) ("It is therefore plain error for a judgment to impose, as a condition of probation, a continuously served custodial sentence."); *United States v. Andrade-Castillo*, 585 Fed. Appx. 346, 347 (9th Cir. 2014) (unpublished) ("This combination of probation plus a term of imprisonment was unlawful [] even when the custodial component of the sentence is limited to time served.").

The government's position – allowing sentences that combine probation and incarceration for the same one petty offense -- would permit one petty offense to be punished more harshly than one Class A misdemeanor. Such an interpretation of the Code is plainly incorrect. *See Medenbach*, 729 Fed. Appx. At 606-07 (in unlawful camping and occupancy petty misdemeanor, district court erred by sentencing defendant to probation and custodial sentence but error did not rise to plain error to violate substantial rights where custodial sentence was time-served), *United States v. Baca,* No. EDCR 11–0001–VAP, 2011 WL 1045104, at * 2 (C.D. Cal. March 18, 2011) (vacating conviction for petty misdemeanor of possession of false military identification card as improper "split sentence" insofar as it imposed both incarceration and probation); *United States v. Anderson*, 787 F. Supp. 537, 539 (D. Md. 1992) (in Class B misdemeanor case, vacating joint sentence of incarceration and probation because "a period of "straight" imprisonment cannot be imposed at the same time as a sentence of probation").

Petty offenses *are* treated differently – just the opposite of how the government posits it. The Code allows for greater leniency in their sentences. This is clear from the structure of the Code, its plain language, the legislative history, and common sense and reason applied to avoid absurd effects.

First, the Code's structure. There are three types of authorized sentences – term of probation, fines, and a term of imprisonment. (Supervised release is considered a component of a sentence of incarceration.) While a fine can be combined with either a term of probation or a term of imprisonment, the Code provides that terms of imprisonment and probation cannot themselves be combined. 18 U.S.C. § 3551(b). The federal criminal code entitled "Sentences" is divided into four subchapters, lettered "A," "B," "C," and "D," respectively entitled "General Provisions," "Probation," "Fines," and "Imprisonment." As for probation, the Court is directed to 18 U.S.C. § 3561(a), which provides:

> (a) IN GENERAL.—A defendant who has been found guilty of an offense may be sentenced to a term of probation unless—
>
>> (1) the offense is a Class A or Class B felony and the defendant is an individual;
>> (2) the offense is an offense for which probation has been expressly precluded; or
>> (3) the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense.

Section 3561(a) provides that probation is default permissible but for three circumstances and then addresses those times that probation is unavailable. Probation is not permitted if the offense is a Class A or Class B felony and the defendant is an individual. Probation is not permitted if the offense is one for which the Code expressly precludes probation. And probation is not permitted if "the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense."

The statute affirms that a defendant cannot receive a sentence of probation if the defendant is sentenced to imprisonment "for the same" offense. This is consistent with § 3551, under which "imposition of both probation and straight imprisonment" for the same offense is prohibited. The "petty offense" reference in § 3561(a)(3) refers solely to "a different offense." Thus, if a defendant is being sentenced for two different offenses at the same time, and receives a term of imprisonment on one offense, he cannot receive a term of probation on the second offense. The exception is if one of the two offenses is a petty offense. The phrase "that is not a petty offense" modifies only "a different offense." Befitting its status as a petty offense, a defendant can receive probation on one petty offense while receiving incarceration on another at the same time.

Here are some examples consistent with the language of the statute.

- <u>Situation 1</u>: The defendant is being sentenced for two non-petty offenses. If the defendant is being sentenced on two non-petty offenses at the same time, the court cannot give him probation on one offense and imprisonment on the other.

- <u>Situation 2</u>: The defendant is being sentenced for one non-petty offense and one petty offense. If the court sentences him to incarceration on the non-petty offense, the court cannot sentence him to probation on the petty offense.

- <u>Situation 3</u>: If the defendant is being sentenced for two petty offenses, the court can sentence the defendant to incarceration as to one petty offense and probation as to the other petty offense.

Where, as here, there is solely one petty offense, the statute precludes a combined probationary and carceral sentence.

6

This reading is consistent with the legislative history of the statute. The phrase "that is not a petty offense" was added to the Code in the Violent Crime Control and Law Enforcement Act of 1994. The Senate first proposed in 1991[4] and again in 1994[5] to amend § 3561(a)(3) by adding to its end the language "does not preclude the imposition of a sentence to a term of probation for a petty offense if the defendant has been sentenced to a term of imprisonment at the same time for another such offense." Thus, the original proposed language of the amendment shows that Congress intended to authorize a term of probation in addition to one of imprisonment in the limited circumstances of when the defendant was being sentenced for multiple petty offenses. And the statutory provision avoids the undesirable, and absurd, outcome of authorizing terms of both probation and imprisonment for the same petty offense.

That § 3561(a)(3) directs under what circumstances probation can be given – and not authorizing incarceration in addition to probation – is supported by review of the U.S. Sentencing Guidelines. Guideline § 5B1.1 addresses "imposition of a term of probation" and, with the exception of the language about petty misdemeanors, has the identical language as to when probation "may not be imposed" as the statute. *See* U.S.S.G. § 5B1.1(b). This makes sense since the Guidelines do not apply to petty misdemeanors. There is no reason to address the petty misdemeanor exception to the no-probation-on-offense-A-if-sentence-of-imprisonment-on-offense-B-at-the-same-time rule.

---

[4] See H.R. Rep. NO. 102-405 at 167.
[5] See H.R. 3355 (as passed by Senate Nov. 19, 1993). When H.R. 3355 was passed and sent to the Senate on November 3, 1993, the crime bill made no alterations to the language. The Senate proposed the same language used in the 1991 draft be added to the crime bill. In the August 1994 version of the bill, the language was truncated to "that is not a petty offense." See H.R. Rep. No. 103-694, at 340. On August 21, 1994, the House officially accepted the Senate's proposed amendment of §3561(a)(3), and the language was passed into law, H.R. Rep. No. 103-711, at 8875 (1994) (Conference Report).

The government's reading of the statutes "would produce results that were not merely odd, but positively absurd." *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 68–70 (1994). For example, following the government's construction, a petty misdemeanor defendant could get six months of imprisonment and five years of probation, whereas a Class A misdemeanant who received six months of imprisonment could receive at most twelve months of supervised release. That is not what Congress intended by specifying the offense as a Class B misdemeanor and by authorizing available punishments. The construction of the statute by the government (and the unpublished, unfollowed *Posley* decision), allows people convicted of petty misdemeanors to be sentenced harsher than those convicted of more serious misdemeanors. "We do not assume that Congress, in passing laws, intended such results. *Public Citizen v. Department of Justice,* 491 U.S. 440, 453–455 (1989); *United States v. Turkette,* 452 U.S. 576, 580, (1981)." *Id.* Statutes are to be construed to avoid absurd results. *See, e.g.*, *Holy Trinity Church v. United States*, 143 U.S. 457 (1892); *United States v. Kirby*, 74 U.S. 482 (1868).

Finally, "even if the statute were ambiguous in the sense of *permitting* the government's construction, '"[t]he rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them."' *United States v. Cano-Flores*, 796 F.3d 83, 93-94 (D.C. Cir. 2015) (quoting *United States v. Santos*, 553 U.S. 507, 514 (2008). The rule of lenity "applies to sentencing as well as substantive provisions," *United States v. Batchelder*, 442 U.S. 114, 121, 99 S. Ct. 2198, 60 L. Ed. 2d 755 (1979).

B.  <u>The Code Limits Short-Term Custody Sentences as Conditions of Probation</u>

The government raises the possibility of the Court's sentencing the defendant to probation and making "intermittent confinement" a condition of probation. Gov't Supp. Memo at 2 n.2. While 18 U.S.C. § 3563(b)(10) does authorize as a discretionary condition "that the

defendant remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first year of the term of probation or supervised release," it is highly questionable whether this discretionary condition applies to a petty offense. The government seems to share this concern as it implicitly excludes petty offenses from offenses where intermittent incarceration is permitted as a condition of probation. *See id.* For a petty offense, it is unclear at what point an "interval of time" effectively becomes a "term of imprisonment" and thereby would constitute an unauthorized sentence of both imprisonment and probation. For a petty offense, even a night or a weekend, no less a longer "interval," may constitute a "term of imprisonment." *Cf.* 18 U.S.C. § 3583(d) (term of intermittent confinement pursuant to § 3563(b)(10) may be imposed only for *violation* of condition of supervised release). In any event, a sentence of "intermittent confinement" as a condition of probation for a petty offense raises significant, and possibly constitutional, issues.[6]

## Conclusion

A sentencing court has no statutory authority to impose both a term or incarceration and a term of probation as the sentence for the same one petty offense. Nor, unlike as to most of the offenses in the Code, is supervised release authorized. Congress has expressed its will that less serious offenses engender less punitive sentencing options and fewer sentencing choices. Congress elected to make the offense a petty misdemeanor and to limit the sentencing options as

---

[6] *See United States v. Voda*, 994 F.2d 149, 151 n.2 (5th Cir. 1993) ("Voda expressly waived any argument that the imposition of sixty days' confinement served over a sixty day period is "imprisonment," as opposed to intermittent confinement, and thus in violation of section 3563."); *See also Mize*, *supra* at *2 (30-day condition of confinement violates statute); *Baca*, *supra* at *2 (45-day condition of confinement violates statute); *Forbes*, 172 F.3d at 676 ("a straight sentence of six months is not the intermittent incarceration that this statute permits").

to all offenses to a binary choice between incarceration and probation – together with restitution and the possibility of a fine for those who can afford it.

Respectfully Submitted,

/s/ EDWARD J. UNGVARSKY
Edward J. Ungvarsky
Ungvarsky Law, PLLC
114 North Alfred Street
Alexandria, VA 22314
Office - 571 207 9710
Cellular – 202 409 2084
ed@ungvarskylaw.com
Counsel for Eric Chase Torrens

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Response was served ECF to the government and all registered recipients on this 22nd day of October, 2021.

/s/ EDWARD J. UNGVARSKY
Edward Ungvarsky