UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 1:21-CR-204-BAH |
| ERIC CHASE TORRENS | : | |

**DEFENDANT'S SUPPLEMENTAL RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM (ECF 99) AND TO GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMO IN CO-DEFENDANT GRIFFITH'S MATTER (ECF 109)**

This supplement addresses similar cases in which the government has sought a non-incarceration sentence, as well as two cases that are on this Court's docket and scheduled for sentencing prior to Mr. Torrens' October 29, 2021 sentencing hearing.

**A. Judge Walton's Sentencing of Lori and Thomas Vinson**

Since Mr. Torrens filed his response to the government's sentencing memo (ECF 104) Judge Walton has sentenced two defendants, Lori and Thomas Vinson, convicted of the same offense as Mr. Torrens, 40 U.S.C. § 5104(e)(2)(G) in 21-CR-355. For each defendant, Judge Walton sentenced the defendant to probation, community service, a substantial fine, and restitution.

As with other defendants, the facts presented and relied upon by Judge Walton presented in the government's sentencing memoranda expanded greatly on the statement of the offense.[1] Lori and Thomas Vinson, who are married, were among those who unlawfully entered the U.S. Capitol on January 6, 2021. Before they left for Washington, D.C., Mr. Vinson posted a social

---

[1] The government's October 13, 2021 sentencing memoranda and the statement of the offense are attached cumulatively as Exhibit 1.

message media that identified himself as a veteran "whose oath will NEVER expire." After the rally, the defendants marched to the U.S. Capitol building. They posed for photographs and took videos immediately outside the Capitol. Cell phone video recorded by the Vinsons shows broken glass and alarms blaring as they entered. After they entered, they joined other rioters to chant "Our House!"

Members of their group inside the Capitol assaulted police officers. Mr. Vinson held his cell phone above his head and the crowd to videotape what was occurring. The two of them pushed to the front of the crowd, to the front of the line in a stand-off with officers, and then they joined others in rushing the officers. They continued to move throughout the Capitol, with the crowd facing-off against officers and with themselves taking videotape. They were inside the Capitol for 37 minutes.

Afterward, Mrs. Vinson made multiple social media posts about the incursion. In direct messages, she said that she would "do it again." In the days that followed, Mrs. Vinson dramatically played-down the violence inside the Capitol. She gave multiple media interviews. She said that what she had done was justified, that she would "do this all over again tomorrow," and that she was absolutely not sorry for what she had done and hoped to look back on it in 30 years to say that she had been there. During interviews, the Vinsons falsely claimed that the police had let them in. They obstructed the investigation by destroying digital evidence related to January 6th.

Each of these defendants present aggravating conduct well in excess of Mr. Torrens' conduct. The government requested a sentence of three months of home detention, three years of probation, 60 hours of community service, and $500 in restitution for Mr. Vinson. For Mrs. Vinson, the government recommended a sentence of 30 days of incarceration and $500 in

restitution. Judge Walton denied the government's requests and sentenced each to five years of probation, a $5,000 fine, $500 in restitution and 120 hours of community service. The Vinsons have the financial means to pay a fine. Judge Walton rejected the requested jail sentence for Mrs. Vinson "because of the 'additional costs imposed on taxpayers when somebody is detained' and due to the couple caring for several low-income and handicapped residents in their Western Kentucky community." [US Capitol riot: Lori, Tom Vinson of Kentucky sentenced in Jan. 6 case (courier-journal.com)](.).

### B. Cases Identified by the Government in Which It Recommends Non-Incarceration Sentence

In counsel's response to the government's sentencing memorandum, counsel already addressed the cases of Valerie Ehrke, Anna Morgan-Lloyd, Donna Bissey, Jessica Bustle, Joshua Bustle, Danielle Doyle, Andrew Bennett, Matthew Mazzocco, Eliel Rosa, and Thomas Gallgher. In its supplemental memorandum, the government adds Brittany Dillon, 1:21-CR-360, as a defendant from whom it recommends a sentence other than incarceration.

As we have seen with the defendants listed in the above paragraph, Ms. Dillon's sentencing fact pattern is much more aggravating that that of Mr. Torrens.[2] Prior to January 6th, Ms. Dillon discussed "an all out civil war." "It will be fast because our side is more prepared." Ms. Dillon discussed the country's going into anarchy and the overturning of the election. On January 6th, Ms. Dillon came to Washington, D.C. with the specific intent to go to the Capitol after the Trump rally. She attempted to breach the Capitol, falling down at the threshold of the door as officers protected the entrance. Afterward, she called police officers "the devil' and deleted her Instagram account, obstructing the government's investigation. Later, upon obtaining

---

[2] The government's October 11, 2021 sentencing memorandum is attached as Exhibit 2.

3

counsel, she expressed a desire to accept responsibility and reach a plea agreement. For Ms. Dillon, the government recommends a sentence of 3 months of home detention, 36 months of probation, with 60 hours of community service and $500 in restitution. Ms. Dillon is scheduled for sentencing next month.

### III. Cases on this Court's Docket for Sentencing Hearing Prior to Mr. Torrens' Sentencing Hearing

There are two misdemeanor sentencing events arising out of January 6th that are on this Court's docket prior to Mr. Torrens' sentencing. One is his co-defendant, Mr. Griffith, for whom the government requests a term of incarceration of 60 days. Mr. Griffith's sentencing posture is substantially more aggravating than that of Mr. Torrens.[3] The other is Leonard Gruppo, 21-CR-391. Mr. Gruppo is also scheduled for sentencing on October 29, 2021. Mr. Gruppo's sentencing facts are far more aggravating than those of Mr. Torrens.[4] Mr. Gruppo's status as a retired Lieutenant Colonel in the U.S. Army sets his case apart from most defendants. He also deleted evidence of his participation from his phone, obstructing the government's investigation. The

---

[3] Mr. Griffith's conduct may be less aggravating that that of other defendants who have received non-incarceration sentences and/or who the government has sought shorter periods of incarceration. *See* Edward Hemenway and Robert Bauer, 1:21-CR-49, Boyd Camper, 1:21-CR-325, and Mr. Gruppo. That is an argument for his counsel to make. For Mr. Torrens, these cases further reflect that the government's requests in this case are above what it has recommended in other case numbers and are well above the mainstream of sentences within the courthouse.

Among other aggravating factors, both Mr. Hemenway and Mr. Bauer have extensive criminal histories; the government recommended a term of 30 days of incarceration for each; Judge Chutkan sentenced them to 45 days.

The government recommended 2 months for Mr. Camper, who concealed evidence collected by his GoPro and who failed to express remorse. His sentencing hearing is scheduled for next month.

One thing is clear: Mr. Torrens' conduct is significantly less than each of them *and* is at the lowest end of the spectrum of 40 U.S.C. § 5104(e)(2)(G) defendants. He is someone who should not receive any term of incarceration.

[4] While the Court already has the documents, the government's October 15, 2021 sentencing memorandum and the statement of the offense are attached cumulatively as Exhibit 3 for purposes of this case's record.

4

government sets forth Mr. Gruppo's conduct in its sentencing memorandum at pages 3-9. The government identifies Mr. Gruppo's conduct as "more egregious" than other defendants and recommends 30 days incarceration and a $500 fine.

## Conclusion

Mr. Torrens submits the above information for the Court's consideration and in support of Mr. Torrens' request that the Court impose him to a term of probation, with conditions that include home confinement if deemed appropriate by the Court.

Respectfully Submitted,

/s/ EDWARD J. UNGVARSKY
Edward J. Ungvarsky
Ungvarsky Law, PLLC
114 North Alfred Street
Alexandria, VA 22314
Office - 571 207 9710
Cellular – 202 409 2084
ed@ungvarskylaw.com
Counsel for Eric Chase Torrens

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Supplement was served ECF to the government and all registered recipients on this 23rd day of October, 2021.

/s/ EDWARD J. UNGVARSKY
Edward Ungvarsky